## SAYRE VS. THOMPSON et al.

FAILURE OF CONSIDERATION: *When plea of, not good against assignee.*
Matters in litigation were settled by decree of court, and a promissory note executed by the parties in interest in compromise and part settlement under the decree; the note was assigned, and, after assignment, on bill of review by the makers of the note, the decree was set aside, the assignee of the note not being made a party thereto. Suit on note, plea of failure of consideration, that the decree, which was the consideration of the note, had been set aside. On demurrer to plea: *Held,* that the rights acquired by the assignee of the note, under the original decree, when it was valid and in force, were not prejudiced by the decree on review, the assignee not being a party thereto; but otherwise, if the original decree had been set aside before the note was assigned.

APPEAL from *Phillips* Circuit Court.
Hon. JOHN E. BENNETT, Circuit Judge.
*Garland & Nash,* for appellant.
*Palmer & Sanders,* for appellees.

E. H. ENGLISH, Sp. J.   Sayre sued Thompson as adminis-
trator of John A. Craig, deceased, in the Phillips circuit court,
on the following note:

"LAKE VILLAGE, Ark., April 17, 1860.

"$5,000.   On or before the 17th of April, 1864, we, or either of
us, promise to pay to Emma J. Wright, or order, five thou-
sand dollars, with interest at the rate of seven per cent. per
annum from date until maturity, but to bear ten per cent. in-
terest after maturity, if not then paid (negotiable and paya-
ble at the Bank of Louisiana, New Orleans), being part of the
fourth installment for the sale of the interest in the estate of
Junius W. Craig, deceased.

" Witness our hands the date above.

  (Signed)        "J. M. CRAIG,
              JNO. A. CRAIG."

The note was indorsed by Emma J. Wright to C. T. More-
head, and by her indorsed, 1st of November, 1860, to Sayre.

Thompson filed the following answer to the complaint:

"The defendant, Arthur Thompson, as administrator, etc.,
admits that his intestate made the writing mentioned in the
said plaintiff's complaint, and [admits] the assignments, but
states that the consideration for which the writing was exe-
cuted was the purchase of the interest of the said Emma J.
Wright in the estate of Junius W. Craig, deceased, as the
same was settled and adjudicated in a decree on the chancery
side of the circuit court of Chicot county, Arkansas, made at
the April term of said court for 1860, which said decree was
entered in said court as a compromise of all the conflicting
and various interests in said estate, in which cause the said
Emma J. Wright and the said Joshua A. Craig and the said
John A. Craig were parties, by agreement of all the parties
then represented, and which said agreement covered and in-
cluded the purchase by said Joshua W. Craig of the entire

estate, for which he executed his own paper with John A. Craig as his security, part of which is the note sued on herein; and which said compromise included the entire transaction, which was to be completed by vesting the said estate in the said Joshua W. Craig, and of which said compromise the said notes and the said purchase formed a part; and the said decree of compromise was, by said court at a subsequent term, to wit, the —— term for 1866, upon a bill of review therein filed by Joshua M. Craig and Robert E. Craig, as administrators of John A. Craig, deceased, against the parties to said original bill, reviewed, reversed and set aside and held for naught, together with all rights thereunder, and now stands as the judgment of said court, in no wise canceled, annulled, or otherwise held for naught."

To this answer, Sayre, the plaintiff in the court below demurred. The demurrer was overruled; he rested, permitted final judgment to be entered for defendant, and appealed to this court.

The answer was in the nature of a plea of total failure of consideration, for which the note sued on was given. Section 26 of the act of 24th of April, 1873, provides that, "In the case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any discount, setoff or defense now allowed; and when the assignment is not authorized by statute, the assignor must be a party as plaintiff or defendant. This section shall not apply to bills of exchange, nor to common orders or checks, nor promissory notes negotiable and assignable by the law merchant, but all such instruments shall be governed by the law and custom of merchants." The effect of this act was to repeal the third section of the statute of assignments, Gould's Digest, ch. 15, p. 158, and to put bills of exchange, common orders or checks, and promissory notes, negotiable and assignable by the law

merchant, on the footing of mercantile paper in the hands of assignees, so that defenses that may be set up by the makers of such instruments, as against assignees, must be governed by the law merchant.

But the note in question in this suit was assigned before the passage of the act of the 24th of April, 1873, and the rights of the parties fixed, while the third section of the statute of assignments was in force, and the language of the act of the 24th of April, 1873, does not clearly indicate any intention of the legislature to give it a retroactive effect, and hence, this case must be determined by the statute in force when the note in question was assigned to the appellant. Cooley's Const. Lim., p. 370. Section 3 of the statute of assignment provides that, " Nothing contained in this act shall change the nature of the defense, or prevent the allowance of discounts or offsets, either in law or equity, that any defendant may have against the original assignor previous to the assignment, or against the plaintiff or assignee after the assignment." Gould's Dig., ch. 15, sec. 3.

It appears that the note in suit in this case was assigned to the appellant Sayre on the 1st of November, 1860, long before its maturity, and, as must be presumed in the absence of any showing to the contrary, in the course of trade.

At the time the note was assigned to Sayre, the defense set up in the plea did not exist against the original assignor or payee of the note. The original decree, under which the note was executed to Emma J. Wright, was rendered in April, 1860, and must be taken to have been a valid decree, and the note executed under it valid, in the absence of any allegations of the plea to the contrary, on the 1st of November, 1860, when the note was assigned to the appellant; and the decree was not set aside on the bill of review, according to the allegations of the plea, until 1866, which was long after

the assignment to Sayre, and after the period when the note matured and should have been paid. In other words, the defense set up in the plea (the setting aside of the original decree on bill of review) arose after the assignment of the note to Sayre. Was this a good defense as between him and the makers of the note? We think not. The plea does not show that Sayre was made party to the bill of review, or that he had any opportunity of defending against the decree rendered upon it. After the execution and assignment of the note, the Craigs (or rather one of them and the administrator of the other), the makers of the note, procured the original decree, under which the note was executed, to be set aside, on bill of review filed by them, without making Sayre, the assignee and holder of the note, a party. As to him the decree was not valid; it did not prejudice the right acquired by him under the original decree when it was valid and in force. *Trammell et al. v. Thurmand et al.*, 17 Ark., 203. Had the decree been set aside before the note was assigned to him, the defense would have been good, because then he would have been privy to Emma J. Wright, the original assignor and payee of the note, who was a party to the original decree as well as to the decree on the bill of review. Nor do the facts alleged in the plea show that the decree, on the bill of review, was a decree *in rem*, and binding on all persons, whether parties or not, as insisted by the counsel for appellees. To allow the defense set up by the plea would be a wider departure from the law merchant than warranted by the language of the third section of the statute of assignments.

The judgment of the court below must be reversed, and the cause remanded with instructions to the court to sustain the demurrer to the answer, etc.

BENNETT J., being disqualified, did not sit in this case.